(2 Misc. Rep. 561.)

RUTGERS FEMALE COLLEGE v. TALLMAN.

(Supreme Court, Special Term, New York County. February, 1893.)

CORPORATIONS—DUTIES OF TRUSTEES.

  While a trustee cannot deal with the corporate property for his own benefit, it is not a part of his duty to advance money to repurchase corporate property that has been sold under mortgage, but he may acquire for his own benefit the title of the purchaser at the foreclosure sale.

Action by the Rutgers Female College against Jacob S. Tallman. Judgment for defendant.

Amos G. Hull, Albert Stickney, and William L. Snyder, for plaintiff.

James M. Smith, for defendant.

LAWRENCE, J. No proof was offered upon the trial to support the allegations in the complaint of a conspiracy on the part of the defendant with Henry M. Pierce to cause mortgages to be placed upon the property involved in this controversy. The only mortgage attacked is that which was executed to James F. Pierce, all the others being conceded to be valid. The Pierce mortgage was executed June 29, 1868. The foreclosure sale under the Morrow mortgage, which is conceded to have been valid, took place on the 3d of June, 1870. The defendant did not become a trustee of the plaintiff until June 20, 1871. At that time, the title to the property, by the judgment of this court in an action to which the plaintiff was a party, was in James F. Pierce, and the plaintiff

held possession of the property by permission under a lease from him. There was no agreement by Pierce, when the defendant purchased, to sell the property to the college, and the evidence fails to establish that the defendant agreed to purchase it for the college. Efforts were being made to raise a sufficient sum to purchase the property from Pierce, but the loan which the savings bank had offered to make fell far short of the amount required. Pierce had offered to rent the property to the college at a rent of $1,000 per month, for the year, and to sell the same at the price of $130,000, or to rent at $500 per month, "subject to vacate on thirty days' notice." It was finally resolved by the plaintiff to take the property at a rental of $800 per month, payable in advance, provided $1,750 be paid September 1, 1871, on account, "in advance." There is nothing in the case to show that the defendant knew anything of the alleged fraudulent character of the $52,000 mortgage to James F. Pierce, the validity of which had been affirmed by this court in foreclosure proceedings, to which the plaintiff was a party, prior to defendant's becoming a trustee. There is nothing in the evidence showing that the defendant had any knowledge that there was any irregularity, impropriety, or informality connected with that mortgage. The purchase of the property by the defendant under such circumstances did not inure to the benefit of the college. The college was unable to purchase it from the person who had become, under the foreclosure judgment, its lawful owner. No agreement was proven, or offered to be proven, that James F. Pierce would have accepted $70,000 in cash, the amount agreed to be loaned by the savings bank, and a mortgage for $60,000, the balance of the $130,000, for which, the minutes of the plaintiff state, he had agreed to sell. That mortgage must necessarily have been second to the mortgage to secure the $70,000 loan agreed to have been made by the savings bank. The defendant contracted to purchase the property from James F. Pierce on the 8th of May, 1872, and he took his deed on the 1st of June, 1872, when the hiring from Pierce to plaintiff had expired. After that, for a series of years, the defendant was recognized repeatedly by the plaintiff's trustees as the owner of the property. The premises were leased from him at a rental, which was at times irregularly paid. Payments then ceased, and the plaintiff was dispossessed. The recognition of the defendant as the owner and landlord of the property was complete, and, unless it is to be held that a director or a trustee is bound by his position to advance all moneys which an insolvent or embarrassed corporation can require, to extricate it from its embarrassments, and secure to it all the property which it may at any time have owned, this action cannot be maintained. While fully appreciating the fact that a trustee cannot deal with corporate property or make a profit out of such dealings, without incurring the condemnation of a court of equity, and being called upon to account, it is not a part of his duty to put his hand in his pocket and advance money to repurchase property that the corporation once owned, and to which its title has been cut off

by the judgment of a court of competent jurisdiction. I fail to discover that all the facts in relation to the defendant's connection with the property in question, which have been developed upon the trial of this action, were not known to, or could not have been known for many years by, the trustees of the plaintiff. The deed to the defendant was matter of record. He was for years recognized, as above stated, as the owner of the premises, and as the landlord of the plaintiff. It is not shown that the plaintiff is able to reimburse him for the expenses which he has incurred. In view of the lapse of time which has occurred since the transaction which it is sought by this action to set aside and nullify, and of the evidence as to acquiescence and ratification by the plaintiff, I am of the opinion that the case must fail when tested by the principles enunciated in recent cases in the court of last resort. Barr v. Railroad Co., 125 N. Y. 263--275, 26 N. E. Rep. 145; Gamble v. Water Co., 123 N. Y. 91, 25 N. E. Rep. 201.

Judgment dismissing the complaint on the merits, with costs, will therefore be rendered.