MARC KLAW, Suing on Behalf of Himself and All Other Stockholders of FORSIX THEATRE COMPANY, Plaintiff, v. ABRAHAM L. ERLANGER and FORSIX THEATRE COMPANY, Defendants.

Supreme Court, New York Special Term, June 17, 1924.

Corporations — representative action by stockholder to compel defendant to account for purchase of premises involving cancellation of corporate lease — defendant, in effect plaintiff's partner, faced loss of lease unless purchase of premises was made — failure of plaintiff to participate in purchase though in possession of facts of situation — defendant, acting as trustee, had own interest to protect with plaintiff's knowledge — plaintiff entitled to one-half interest in purchase.

Whether a trustee is to be entirely barred from dealing with the trust *res* depends upon the nature of the trust and the relationship of the parties. It is not a part of his duty to sacrifice his own rights in a lease or his right to buy the fee merely because an associate fails to do anything.

Accordingly, the plaintiff, in a representative action as a stockholder to compel the defendant to account for the purchase of premises involving the cancellation of a lease owned by the corporation, will be entitled to a one-half interest in the purchase rather than to be put in the position of enjoying a one-half interest in the lease for the entire unexpired term, where it appears that the parties, in effect, were partners; that, while the plaintiff was abroad, the defendant was faced with the loss of the lease held by the corporation unless the corporation purchased the premises; and that after plaintiff's failure to participate in the purchase of the premises the defendant effected the purchase after communicating all the facts to the plaintiff, since the defendant had an interest of his own to protect to the knowledge of the plaintiff and did all he was required to do with respect to disclosing to the plaintiff all the facts of the sale and offering the plaintiff full participation in what he himself fairly did.

REPRESENTATIVE action by stockholder of corporation to compel director to account for purchase of property involving cancellation of corporate lease.

*Shearn & Hare* (*Clarence J. Shearn*, of counsel), for the plaintiff.

*Bickerton, Wittenberg & Fleisher* (*John P. Bickerton, Jr.*, of counsel), for the defendants.

PROSKAUER, J. Prior to 1918 plaintiff and defendant Erlanger had been copartners. In that year the partnership was dissolved. Prior thereto the firm were lessees of the Gaiety Theatre. By the lease the landlord had an option to cancel upon a sale of the property. Klaw and Erlanger formed defendant corporation, with nominal capital, to hold the lease which was renewed to defendant corporation, the individuals guaranteeing performance. Each owned one-half of the stock, each was an officer and director and there were two additional dummy directors. The landlord was a corporation. The owners of the stock died shortly prior to May, 1921. The executors desired to sell the property and wind up the landlord corporation. The rent reserved in the lease was at least $20,000 below the market rental value. No sale for an adequate price could be made, therefore, without cancellation of the lease. Thus, though the lease if not canceled had six years to run, there was practical certainty that it would be immediately canceled. These facts were generally known and specifically known to Klaw and Erlanger. In this situation Klaw went to Europe. Before leaving he instructed his son, Alonzo Klaw, who held his power of attorney, not to buy any real estate and neither he nor his son took any action to protect the lease. Erlanger sent for Alonzo Klaw, told him that the entire parcel, of which the Gaiety Theatre constituted but a small portion, was being offered to him for $3,000,000, expressed the opinion that the price was high and requested Alonzo Klaw immediately to ascertain his father's wishes and report them to Erlanger. All that Alonzo Klaw did was to cable his father that if Mr. Erlanger should communicate with him, the matter should be referred to Mr. Shearn, his counsel. No one representing Klaw ever complied with Erlanger's request for a statement of his desires or intentions. Erlanger continued negotiations for the property and contracted to purchase it for $3,000,000. The vendor's counsel, on his own initiative, for the purpose of eliminating any possible liability on the landlord corporation, inserted in the contract a clause providing that the vendors should take the necessary action to cancel the Gaiety Theatre lease. The facts were communicated to Mr. Klaw's

counsel and no action was taken and no request made other than a protest against the cancellation of the lease.

Plaintiff then brought this representative stockholders' action, charging a conspiracy by Erlanger as a director to destroy the sole property of the defendant corporation by securing a cancellation of the lease.

Erlanger, shortly after the beginning of the suit, offered to Klaw a one-half interest in the purchase. The offer was declined and on the trial plaintiff's counsel refused for plaintiff to accept the benefits and obligations of any part of the real estate purchase, insisting that plaintiff was entitled to be put in the position of enjoying a one-half interest in the original lease for the entire unexpired term of six years.

Klaw and Erlanger were in effect partners. The rule of *uberrima fides* governs. Its application, however, to the peculiar facts of this case does not justify plaintiff's position. In every case cited by plaintiff the relief granted was to hold defendant as trustee for what he actually acquired. That position plaintiff repudiates. Thus, where a partner or director secures secretly a lease of property upon which his partner or corporation has an expiring lease, he must hold it for the benefit of the partnership or the corporation. *Mitchell* v. *Reed*, 61 N. Y. 123, 136; *Robinson* v. *Jewett*, 116 id. 40.

But here, if neither Klaw nor Erlanger purchased the property, they would have been out of possession at once. Erlanger's obligation to Klaw did not require him to sacrifice his own rights in the lease or his right to buy the fee merely because Klaw saw fit to do nothing. Klaw frankly testifies that he did nothing because he believed that if Erlanger bought the property he would be under a trust obligation not to cancel the lease. What this means practically is that he was willing that Erlanger should buy the property, take all the risk of loss on the transaction and still permit him for six years to enjoy one-half of an expiring lease with a rental $20,000 under market. This inequitable position strains the formulæ of trust relationship beyond the breaking point.

Plaintiff contends that a person holding a fiduciary relationship is absolutely disabled from dealing with the trust property for his own benefit without becoming accountable. Equity enforces the rule that confidence shall not be abused by a trustee by imposing upon the party intrusted a disability " either partial or complete." *Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 190, 198. The disability is not always total. Whether a trustee is to be entirely barred from dealing with the trust *res* depends upon the nature of the trust and the relationship of the parties. Here the trustee

had an interest of his own to protect to the knowledge of the *cestui*. Erlanger did his full duty in making complete disclosure to Klaw and offering him participation in what he himself fairly did.

In *Rutgers Female College* v. *Tallman*, 2 Misc. Rep. 561; affd., 82 Hun, 20, Lawrence, J., wrote (p. 563): " While fully appreciating the fact that a trustee cannot deal with corporate property, or make a profit out of such dealings without incurring the condemnation of a court of equity and being called upon to account, it is not a part of his duty to put his hand in his pocket and advance money to repurchase property that a corporation once owned, and to which its title has been cut off by the judgment of a court of competent jurisdiction."

The facts there differ from those in the instant case; but in substance the lease was lost to defendant corporation almost as certainly as though it had been taken away by the judgment of a court of competent jurisdiction. The most that could be asked of Erlanger was to deal with Klaw openly, not secretly, and to permit participation in whatever was undertaken. To hold that Klaw could follow his do-nothing policy and then require Erlanger substantially to allow him to benefit to the extent of $10,000 a year by reason of this advantageous lease, would be to convert the familiar doctrine of equity from a shield against over-reaching into a weapon of oppression.

If plaintiff asks it by requests to find, he may have an appropriate judgment for one-half interest in the purchase; otherwise judgment for defendant.

Judgment accordingly.